UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GARY HERMAN, | No. 2:23-cv-02973-DJC-DB |
| Plaintiff, | |
| v. | **ORDER** |
| GENERAL MOTORS, LLC | |
| Defendant. | |

This action was originally removed from Solano County Superior Court on December 20, 2023.  Defendant filed a Motion to Dismiss shortly thereafter.  That motion was granted, with leave to amend, after Plaintiff failed to file an opposition and the motion was found to be meritorious.  Plaintiff filed a First Amended Complaint ("FAC") on March 6, 2024.  (ECF No. 15.)  Therein, Plaintiff claims that due to Defendant's misrepresentations and omissions, he purchased a Chevy Bolt from a dealer in 2021.  Plaintiff alleges that Defendant was aware for several years that the Chevy Bolt's battery could not be fully charged or safely stored indoors as it was a fire hazard but concealed that information from Plaintiff and made affirmative misrepresentations to him.  Plaintiff also claims that Defendant initially promised to replace the battery in Plaintiff's vehicle but did not follow through on that promise despite Plaintiff relying on it.

1    Defendant has now filed a new Motion to Dismiss arguing that the FAC fails to

2  resolve the defects with Causes of Action Four and Five that were present in the

3  original complaint.  (Def.'s Mot. (ECF No. 16).)  Unlike the prior motion, Plaintiff has

4  filed an opposition to this motion.  (Pl.'s Opp'n (ECF No. 19).)  However, that

5  opposition fails to substantively address the majority of the arguments made by

6  Defendant in their motion.

7    Defendant's Motion raises five main arguments for dismissal of Plaintiff's Causes

8  of Action Four and Five.  These are: (1) Plaintiff fails to plead fraud with the

9  particularity as required by Federal Rule of Civil Procedure 9(b); (2) Plaintiff has not

10  plausibly alleged that Defendant had knowledge of a defect with the battery at or

11  before Plaintiff's purchase; (3) Plaintiff cannot state fraud claims based on EPA mileage

12  range estimates; (4) Plaintiff's fraudulent concealment claim fails as it is barred by the

13  economic loss rule and Plaintiff has not alleged a relationship which gives rise to a

14  duty to disclose; and (5) Plaintiff's claims under the California UCL fail as Plaintiff has

15  not alleged a statutory violation, has not demonstrated that Defendant's conduct is

16  "unfair", and has not established equitable jurisdiction.  (*See* Def.'s Mot.)

17    Even construing Plaintiff's eight-page opposition liberally, Plaintiff has only

18  opposed Defendant's first argument, that fraud was not pled with particularity, and

19  fourth argument, that the fraudulent concealment claim fails due both to the

20  economic loss rule's bar and that Plaintiff had not alleged a transactional relationship.

21  Given Plaintiff's failure to oppose the other bases for Defendant's Motion to Dismiss

22  and in light of Plaintiff's prior failure to file an opposition or respond in any way to the

23  Court's Order to Show Cause, the Court will treat Plaintiff's failure to oppose those

24  grounds as non-opposition to granting those portions of Defendant's Motion to

25  Dismiss.  *See* Local Rule 230(c).

26    Finding these grounds meritorious, the Court grants Defendant's Motion to

27  Dismiss.  Plaintiff's Fourth Cause of Action and the portion of the Fifth Cause of Action

28  based on Fraud are dismissed as Plaintiff has not plausibly alleged that Defendant had

2

knowledge of a defect with the battery at or before Plaintiff's purchase. The remaining portions of Plaintiff's Fifth Cause of Action, claims brought under the "unfair" and "unlawful" prongs of the UCL, are dismissed as Plaintiff has not alleged a statutory violation, has not demonstrated that Defendant's conduct is "unfair", and has not established equitable jurisdiction.

## I.  Particularity Under Rule 9(b)

Though the Court has already dismissed Plaintiff's Fourth Cause of Action for fraud and the fraud prong of Plaintiff's Fifth Causes of Action based on the unopposed portions of Defendant's Motion to Dismiss, the Court will also grant Defendant's Motion to Dismiss as to these Causes of Actions based on Plaintiff's failure to allege sufficient facts to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). In bringing its motion, Defendant argues that these claims are subject to the particularity requirement but that the factual allegations were insufficient to satisfy this heightened pleading requirement. (Def.'s Mot at 5–7.) As examples, Defendant contends that Plaintiff failed to allege:

> (i) the identity of the GM employee that made the representations to, or concealed the facts from, Plaintiff; (ii) the employee's authority to speak and act on behalf of GM; (iii) GM's knowledge about alleged defects in the Bolt at the time of Plaintiff's purchase, (iv) what specific GM representations were reviewed and relied upon in purchasing the Subject Vehicle; (v) how long prior to purchasing the Vehicle the representations were reviewed, if even reviewed pre-purchase, and which representation therein was relied upon; and (vi) whether those materials were prepared by GM or someone else (such as an independent dealership).

(Def.'s Mot. at 7.)

Under Rule 9(b), when a claim or complaint is "grounded in fraud" that claim or complaint must satisfy the "particularity" requirement. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). The heightened standard requires that "the

1   circumstances constituting the alleged fraud be specific enough to give defendants

2   notice of the particular misconduct ... so that they can defend against the charge and

3   not just deny that they have done anything wrong." *Id.* at 1124. This generally means

4   that parties must allege the "who, what, when, where, and how" of the alleged fraud

5   and misconduct at issue. Put another way, "Federal Rule of Civil Procedure 9(b)

6   requires a pleader of fraud to detail with particularity the time, place, and manner of

7   each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cnty.*

8   *Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

9       Plaintiff's fraud claims, the Fourth Cause of Action and the portion of the Fifth

10  Cause of Action brought under the "fraud" prong on the UCL, are subject to the

11  heightened pleading requirements of Rule 9(b). Plaintiff does not contest that these

12  claims are subject to Rule 9(b) but argues that this Court should apply a "somewhat

13  relaxed" Rule 9(b) standard when considering claims of fraud by omission. (Pl.'s

14  Opp'n at 5–6.) Some courts have used a relaxed 9(b) standard where the claim "rests

15  on an alleged fraudulent omission" as where the fraud is conducted by omission the

16  plaintiff is inherently less able to plead the specific time, place, or specific content of

17  the omission relative to an active misrepresentation. *See e.g., UMG Recordings, Inc. v.*

18  *Glob. Eagle Ent.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015); *Huntair, Inc. v.*

19  *Gladstone*, 774 F. Supp. 2d 1035, 1044 (N.D. Cal. 2011). However, even where this

20  somewhat relaxed standard is applied, it does not eliminate the Rule 9(b) requirement

21  or relieve the Plaintiff of his duty to plead with particularity all other elements of his

22  claim. *See UMG Recordings*, 117 F. Supp. 3d at 1107.

23      Plaintiff's Fourth Cause of Action clearly states theories of liability based both

24  on fraudulent concealment and affirmative misrepresentations. (*See* FAC ¶¶ 94–107.)

25  The more relaxed standard Plaintiff advocates for is only applicable to the former.

26  This relaxed standard would also not be applicable to Plaintiff's Fifth Cause of Action

27  as that claim is based on "Defendant's use of a defective battery" and their

28

4

1  advertisement of a 259-mile battery range which are affirmative acts, not omissions.

2  (*See* FAC ¶ 128–29.)

3       **a. Fraudulent Concealment**

4       Regarding the fraudulent concealment theory in the Fourth Cause of Action for

5  which the relaxed standard might apply, Plaintiff alleges that Defendant "concealed

6  and suppressed the fact that the vehicle could not be fully charged or stored indoors."

7  (*Id*. ¶ 100.)  Plaintiff contends that Defendant had exclusive knowledge of the material

8  facts and "took affirmative actions to conceal the material facts" as well as making

9  "partial representations" about battery safety and performance that were misleading.

10  (*Id*. ¶ 103.)  However, Plaintiff has not alleged facts to support these allegations, even

11  under a relaxed standard.

12       Plaintiff's claims rely on a handful of factual allegations to establish Defendant

13  was aware the Bolt's battery was a fire hazard and concealed this information from

14  Plaintiff.  The main allegations supporting Plaintiff's claims are the issuance of a

15  general NHTSA warning in 2017 about overcharging lithium-ion batteries (*id*. ¶ 22),

16  Defendant's creation of three programs in 2017 and 2018 to repair issues with the Bolt

17  including its software and battery (*id*. ¶¶ 23–24, 26), a notification sent to dealers in

18  May 2018 "regarding issues with the batteries in the Bolt[,]" (*id*. ¶ 25), and a single

19  "battery fire" that occurred in 2019 (*id*. ¶ 27).  Plaintiff relies on these allegations to

20  suggest that Defendant knew of alleged battery defects that caused a risk of fire but

21  took affirmative action to withhold that information in order to mislead Plaintiff.

22  Plaintiff's allegations on each of these events provide little detail or factual information

23  to support the allegation that Defendant knew of the specific battery issue that is the

24  subject of the complaint.  For example, as noted, Plaintiff alleges that Defendant

25  notified dealers in May 2018 "regarding issues with the batteries in the Bolt[,]" but

26  Plaintiff provides no allegations describing the content of this notice, what issues were

27  identified within the notice, or any other relevant information.  (*Id*. ¶ 25.)  Similarly, the

28  FAC also includes a conclusory allegation that "in December 2016, General Motors

1   first became aware of issues with the battery in the Bolt[,]" (*id.* ¶ 20) but Plaintiff does

2   not provide relevant factual allegations about what "issues" Defendant was aware of or

3   how Defendant had such knowledge.

4       The allegations in the FAC are simply insufficient to satisfy the particularity

5   requirement.  Even under the "somewhat relaxed" standard, Plaintiff must still

6   establish the "what, why, and how" in addition to alleging facts that "rais[e] a plausible

7   inference that Defendant knew of the defect at the time of the sale."  *Hien Bui v.*

8   *Mercedes-Benz USA, LLC*, No. 20-cv-1530-CAB-WVG, 2021 WL 242936, at * 2 (S.D.

9   Cal. Jan. 25, 2021) (internal quotations and citations removed).  The factual allegations

10  in support of Plaintiff's claims that Defendant fraudulently concealed that the Bolt was

11  unable to be safely fully charged and stored indoors fail to establish, beyond

12  conclusory statements, that Defendant was aware of these *specific* issues at the time of

13  the sale and did not inform Plaintiff.

14      Further, fraudulent concealment is more than simply nondisclosure and "[t]o

15  plead active concealment, Plaintiffs must point to specific affirmative acts Defendants

16  took in hiding, concealing or covering up the matters complained of."  *Cho v. Hyundai*

17  *Motor Co.*, 636 F. Supp. 3d 1149, 1166 (C.D. Cal. 2022) (internal quotations and

18  citations omitted).  Even if the allegations in the FAC were sufficient to establish

19  Defendant's knowledge of the defects, the FAC contains no allegations regarding the

20  affirmative acts taken by Defendant to conceal that the Bolt could not be safely

21  charged to full or stored indoors.  As such, Plaintiff's fraudulent concealment claims do

22  not satisfy the particularity requirement of Rule 9(b), even under the more relaxed

23  standard Plaintiff suggests should apply.

24          **b. Affirmative Misrepresentations**

25      As noted above, Plaintiff has also alleged that Defendant engaged in affirmative

26  acts of fraud both in the Fourth Cause of Action and within the fraud portion of the

27  Fifth Cause of Action.  (*See* FAC ¶¶ 94–107.)  These allegations are subject to the full

28  force of the particularity requirement of Rule 9(b).

1    Within Cause of Action Four, Plaintiff alleges two affirmative mis-

2  representations.  The first is an affirmative misrepresentation regarding the battery's

3  capacity and that the vehicle could be stored indoors.  (*Id.* ¶ 90–93.)  Plaintiff alleges

4  that through "deceptive marketing" Plaintiff was mistakenly led to believe the battery

5  could be charged to 100 percent and that it could be stored indoors.  (*Id.* ¶ 90.)

6  However, the only allegation establishing how the alleged misrepresentations were

7  conveyed to Plaintiff is that Plaintiff reviewed a "marketing brochure" that

8  "represent[ed] that the vehicle can be charged safely, at home, in a garage . . . [and]

9  that the vehicle's battery can be charged to 100 percent." (*Id.* ¶¶ 30–31.)  Plaintiff

10  includes no factual allegations about how he received this brochure, who provided it

11  to him, the specific statements made within the brochure, or any other facts that would

12  be sufficient to establish the "who, what, when, where, and how" of the alleged fraud

13  and misconduct at issue and thus satisfy Rule 9(b).  *See Kearns*, 567 F.3d at 1124.

14    The second alleged affirmative misrepresentation within Cause of Action Four

15  concerns the purported representation by Steve Hill, Vice President of Defendant

16  General Motors, that Plaintiff would receive a battery replacement and an allegation

17  that Defendant later "changed course and reneged" on this promise.  (*See* FAC ¶¶ 49–

18  51, 94–98.)  However, Plaintiff has not alleged any facts regarding the terms of the

19  original offer to replace the battery[1] and has not provided any allegations about when

20  or how Defendant "changed course" or "reneged" on this promise.  While Plaintiff's

21  allegations regarding this misrepresentation are certainly closer to satisfying the

22  particularity requirements of Rule 9(b) than the prior affirmative misrepresentation

23  basis, Plaintiff's allegations still fail to meet the heightened pleading requirement by

24  omitting necessary information about the alleged fraud.  *See Kearns*, 567 F.3d at

25  1124.

26

27  ───────────────
[1] In the FAC, Plaintiff states that "[a]n exemplar of the letter produced by General Motors is attached
28  hereto as Exhibit 'A' and incorporated herein by reference."  (FAC ¶ 49.)  However, no exhibits have
   been attached to the FAC.

7

1    Finally, the fraud portion of Plaintiff's Fifth Cause of Action alleges fraudulent

2    conduct based on the "us[e] of a defective battery . . . without notifying prospective

3    consumers that the battery is unsafe . . . advertis[ement of] a battery range of 259

4    miles . . . ."  (FAC ¶¶ 127–28.)  This is the effectively same basis as the first alleged

5    affirmative misrepresentation in Cause of Action Four discussed above.  It fails the

6    particularity requirement for the same reasons; Plaintiff has only alleged that he

7    reviewed a marketing brochure and not alleged who provided the brochure, where or

8    when it was provided, who provided it, or any information about the specifics of its

9    contents.  As such, this allegation does not satisfy the heightened pleading

10   requirement.  *See Kearns*, 567 F.3d at 1124.

11   Accordingly, Defendant's Motion to Dismiss Cause of Action Four and the fraud

12   portion of Cause of Action Five is also granted for failure to satisfy the particularity

13   requirement of Rule 9(b).

14   **II.    Transaction Relationship and Economic Loss Doctrine**

15   In light of the above, the Court need not reach the issue of whether the

16   fraudulent concealment claims fail due to a lack of transactional relationship or are

17   barred by the economic loss doctrine.  Moreover, the Court cannot properly

18   determine these issues with pleadings that do not satisfy the particularity

19   requirements of Rule 9(b).

20   **LEAVE TO AMEND**

21   Defendant requests that leave to amend not be granted given that Plaintiff has

22   previously amended his complaint.  (Def.'s Mot. At 18.)  "In general, leave to amend is

23   only denied if it is clear that amendment would be futile and that the deficiencies of

24   the complaint could not be cured by amendment."  *Cabo Distrib. Co. v. Brady*, 821 F.

25   Supp. 601, 608 (N.D. Cal. Oct. 22, 1992) (internal citations and quotations omitted);

26   *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district

27   court should grant leave to amend ... unless it determines that the pleading could not

28   possibly be cured by the allegation of other facts." (citation omitted)).  At this stage it

8

is not clear that amendment of these claims would be futile. As such, Plaintiff will be given leave to amend. However, Plaintiff is cautioned that failure to remedy the defects identified in this Order and in the portions of the Motion to Dismiss that were unopposed may result in a future dismissal without leave to amend.

## CONCLUSION

For the reasons stated, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 16) is GRANTED.

2. Plaintiff's Fourth and Fifth Causes of Action are dismissed with leave to amend. Within 14 days of this order, Plaintiff shall file a Second Amended Complaint or inform the Court that he intends to proceed on the remaining claims in the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **May 14, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – herman23cv02973.mtd

9